FILED

APR 22 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Granville Scruggs, II,      )
                                    )
        Plaintiff,       )
                                    )
        v.                 )      Civil Action No.  19-779 (UNA)
                                    )
The United States *et al.*,   )
                                    )
        Defendants.     )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a resident of Olive Branch, Mississippi. He sues the United States and the Department of Treasury's Bureau of Engraving and Printing ("BEP") for "fail[ing] to perform duties owed to the public or Plaintiff[.]" Compl. for Declaratory Judgment at 1 [Dkt. # 1]. The complaint arises from events that occurred in July, September, and December of 2014, when, plaintiff alleges, he "properly submitted a mutilated paper currency claim pursuant to 31 CFR Pat 100.3, 100.5, 100.7 and 100.8," which is "estimated at $960,474.00 USD." Compl. ¶ 6.

"[T]his is at least the sixth case Scruggs has filed against the federal government over these claims, and the [third] where he has sued the Bureau of Engraving and Printing specifically. *Scruggs v. Bureau of Engraving & Printing, Dep''t of the Treasury*, No. 3:18-cv-00098-GHD-RP, 2018 WL 3869989, at *2 (N.D. Miss. Aug. 14, 2018) (citing *Scruggs v. United*

1

*States*, No. 17-1581C, 2018 WL 1664689, at *3 (Fed. Cl. Apr. 6, 2018) (collecting cases);

*Scruggs v. Bureau of Engraving & Printing*, 200 F. Supp. 3d 78 (D.D.C. 2016)). In this case,

plaintiff seeks a declaratory judgment and injunctive relief, *see* Compl. at 6-7, both of which

"presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778

(D.C. Cir. 2011) (internal quotation marks and citations omitted). Plaintiff's prior litigation

dispels any such notion, however. On a developed summary judgment record, the Court of

Federal Claims rejected plaintiff's claim "to recover $960,474.00 from the government."

*Scruggs v. United States*, 2018 WL 1664689, at *1. It explained:

> The United States Court of Claims has held that an allegation that the government failed to redeem properly mutilated currency states a claim that falls within the jurisdiction of this Court. *See Krigel v. United States*, 662 F.2d 741, 745 (Ct. Cl. 1981) (the obligation of the government to redeem mutilated currency is imposed by statute under 31 U.S.C. § 773a (1976) and defined by regulation under 31 C.F.R. § 100.5(a) ). And so, the Court may consider plaintiff's claim.
>
> While the Court may consider plaintiff's mutilated currency claim, the undisputed material facts in this matter, nonetheless, make clear that this claim lacks merit. As the government demonstrates in its dispositive motion, the undisputed material facts in this matter show that plaintiff repeatedly submitted shredded currency—rather than lawfully held legal tender—to the BEP for redemption in connection with his mutilated currency claims.
>
> Specifically, the sworn declaration of the program manager for the BEP's Mutilated Currency Division, Tryst R. Hensell, Jr., states that the package containing plaintiff's first mutilated currency claim "contained shredded currency still in the original [BEP packaging]." A subsequent investigation of plaintiff's mutilated currency claims by the Department of the Treasury's Office of the Inspector General also found that this claim—and two other mutilated currency claims submitted by plaintiff—were improper. In this regard, the OIG found that plaintiff "submitted additional shredded currency claims" to BEP in the amount of $250,000.00, in September 2014, and in the amount of $704,666.00, in December, 2014.
>
> The BEP's mutilated currency regulations make clear that "mutilated currency" must be "currency which has been damaged to the extent that either: (i) One-half or less of the original note remains; or (ii) Its condition is such that its value is questionable and the currency must be forwarded to the

Department of the Treasury for the examination by trained experts before any redemption is made." 31 C.F.R. § 100.5(b)(i)-(ii). And so, these regulations clearly require that plaintiff submit lawfully held mutilated currency, rather than shredded currency, to the BEP for redemption. *Id.* § 100.5(a) (stating that only "[l]awfully held mutilated paper currency" may be submitted for examination).

Because the undisputed material facts in this case show that plaintiff did not do so here, the BEP appropriately denied plaintiff's mutilated currency claims. And so, the Court grants the government's motion for summary judgment[.]

*Scruggs*, 2018 WL 1664689, at *11 (record citations omitted; alterations in original). Because

the fact of plaintiff's entitlement to the redeemed value of his mutilated currency has been

adjudicated adversely to him, plaintiff has no cognizable claim. Accordingly, this case will be

dismissed. A separate order accompanies this Memorandum Opinion.

Date: April 16, 2019        _____
                                  United States District Judge